FILED

APR 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50058 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00606-JAH-1 |
| v. | |
| JAMAH YARKPAZUAH BRIGGS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted March 8, 2013
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and WOLF, Senior District
Judge.[**]

Jamah Briggs appeals his conviction for conspiracy to bring an

undocumented alien into the United States in violation of 18 U.S.C. § 371 and for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Mark L. Wolf, Senior District Judge for the U.S.
District Court for the District of Massachusetts, sitting by designation.

transporting an undocumented alien within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).  We have jurisdiction under 28 U.S.C. § 1291, and we reverse Briggs's conviction, vacate his sentence, and remand.

The government concedes that the district court's decision to admit into evidence deposition testimony by the alien whom Briggs was accused of smuggling, without first making the predicate finding that the witness was unavailable, violated the Confrontation Clause and the Federal Rules of Evidence.  This error was not "harmless beyond a reasonable doubt," *United States v. Pena-Gutierrez*, 222 F.3d 1080, 1089 (9th Cir. 2000), because the deposition testimony was the most incriminating evidence of Briggs's involvement in the alleged conspiracy and the only concrete evidence that the person who Briggs allegedly helped to smuggle was undocumented.  Thus, "it is more likely than not that the error affected the verdict," *United States v. Marguet-Pillado*, 560 F.3d 1078, 1086 (9th Cir. 2009), warranting reversal of Briggs's conviction.

We also conclude that, on the record developed in the district court, the government failed to meet its burden to prove that "under the totality of the facts and circumstances known to the arresting officer[s], a prudent person would have concluded that there was a fair probability that [Briggs] had committed a crime" at the time of his arrest.  *United States v. Struckman*, 603 F.3d 731, 739 (9th Cir.

2

2010).  The government was required to make a probable cause showing before the fruits of the search incident to Briggs's arrest were introduced at trial.  *See id.*  But the government adduced no evidence concerning the timing of Briggs's arrest vis-a-vis the arrests of his co-defendants, even though any actions taken by them after Briggs was arrested clearly could not have contributed to any finding of probable cause for Briggs's arrest.  Moreover, the government did not prove how, if at all, the officers' experience contributed to any probable cause determination.  While the arresting officers' "training and experience are factors to be considered" in the probable cause analysis, "it is incumbent upon the arresting or searching officer to explain the nature of his expertise or experience and how it bears upon the facts which prompted the officer to arrest or search."  *United States v. Cervantes*, 703 F.3d 1135, 1139–40 (9th Cir. 2012) (citation omitted).  Nor was the evidence adduced at trial concerning the circumstances of Briggs's arrest sufficient to

3

compensate for these deficiencies.  Thus, we reverse the district court's denial of

Briggs's motion to suppress.[1]

**REVERSED AND REMANDED.**

---

[1] Despite our conclusion that the district court erred in concluding that the government had met its probable cause burden, we see no reason why the government would be barred from seeking to introduce the evidence obtained incident to Briggs's arrest in any re-trial.  Briggs could, of course, move once again to suppress the evidence.  We suggest that if such a circumstance were to present itself, in light of our conclusion that the record evidence in the first trial was insufficient to establish probable cause, an evidentiary hearing to determine probable cause would be appropriate.  At such hearing, both parties would be permitted to offer any relevant evidence admissible under the Federal Rules of Evidence.